SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**JAMES A. KILCUP, OSB #173891**
Assistant United States Attorney
James.Kilcup@usdoj.gov
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **6:22-cr-00287-AB** |
| **v.** | **GOVERNMENT'S CONDITIONAL RELEASE REVOCATION MEMORANDUM** |
| **WILLIAM WISE MOCK,** | |
| **Defendant.** | |

On October 9, 2026, the defendant is scheduled to appear before the Court for final disposition of a conditional release violation. The government supports U.S. Probation's recommendation that defendant remain in custody until he has completed the 10-month custodial sentence previously imposed by the Court.

Defendant's conduct before, during, and after his last hearing before this Court shows that—much to his detriment and to the detriment of the community—he does not appear to be capable of complying with conditions imposed by the Court.

///

The Court gave Mr. Mock a surrender date, rather than immediately imposing a custodial sentence, primarily for the sake of Mr. Mock's health. Defendant's conduct, including misrepresenting his sobriety to the Court at the last hearing, shows that it is very unlikely that he will be able to abstain from methamphetamine while awaiting a surrender date. Mr. Mock's continued use of methamphetamine puts his health at grave risk. In custody, defendant is far less likely to be able to use the drugs that are destroying his heart. And keeping Mr. Mock in custody until he can be placed at a Care Level 3 facility will also keep the community safe from the illegal conduct he has been engaged in.

Moreover, Mr. Mock cannot make the showing that he is entitled to release while awaiting execution of his sentence. Under 18 U.S.C. § 3143(a), the presumption is that a person awaiting execution of a sentence "be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the community if released[.]" Here, Mr. Mock's dishonesty with the Court at the last hearing, as well as his additional contact with law enforcement since the last hearing, make it very difficult for Mr. Mock to meet the relevant legal standard.

Dated: October 6, 2026.

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*<u>/s/ James A. Kilcup</u>*
JAMES A. KILCUP, OSB #173891
Assistant United States Attorney